UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCCO CAPPALLA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JOHN SCHWEITZER,<br><br>　　　　　　　Defendant. | Case No. 22-cv-0810-BAS-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION (ECF No. 3)** |

　　　　Plaintiff Rocco Cappalla files this Complaint *pro per*.[1] (ECF No. 1.)  As best as the Court can decipher, Plaintiff alleges he retained Defendant John Schweitzer in 2015 as an attorney to assist him with a family law matter. (*Id.*)  Specifically, Plaintiff claims he hired Defendant to help him get insurance premiums reimbursed, but Defendant never fought for reimbursement of these insurance premiums, which resulted in an award of excessive spousal support. (*Id.*)  By this action, Plaintiff is seeking reimbursement of insurance premiums in the amount of $27,000, which he claims the Superior Court ordered to his former spouse. (*Id.*)

　　　　Defendant moves to dismiss under both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 3.)  Defendant argues this Court: (1) lacks subject

---

[1] For Plaintiff's edification, all that means is that he is unrepresented by attorney.

matter jurisdiction; (2) should dismiss the complaint for failure to state a valid claim; and (3) should find Plaintiff's claim barred by the statute of limitations. (*Id.*) By way of letter to the Court, Plaintiff responds (ECF No. 4), and Defendant replies (ECF No. 6.) Because this Court finds it lacks subject matter jurisdiction, it **GRANTS** the Motion to Dismiss under Rule 12(b)(1).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss an action based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Id.* (citations omitted). Thus, federal courts may only hear cases involving a federal question or where there is diversity of citizenship. *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Thus, "[w]hen subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs. L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quoting *Tosco Corp. v. Ctys. for a Better Envt.*, 236 F.3d 495, 499 (9th Cir. 200), *abrogated on other grounds in Hertz Corp. v. Friend*, 599 U.S. 1181 (2010)).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

In this case, the Court need not look beyond the allegations in the Complaint and assumes they are true. Because the Complaint on its face fails to state a basis for federal subject matter jurisdiction, the Court dismiss the action.

The Complaint fails to raise a federal question. In this case, Plaintiff checks the box indicating jurisdiction is based on a federal question and argues in his Response, "I do identify a federal question that this court has jurisdiction to address." (ECF No. 4.) Plaintiff cites *Mansell v. Mansell*, 490 U.S. 581 (1989), which involved the Federal Uniformed Services Former Spouses Protection Act ("FUSFSPA"), and points out that he is a retired Marine.

"[J]urisdictional dismissals are warranted 'where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction.'" *Meyer*, 373 F.3d at 1039 (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)). Additionally, the FUSFSPA "was not intended to expand the subject-matter jurisdiction of federal courts; it merely empowered a court that otherwise had jurisdiction to divide marital property" in keeping with that State's domestic law. *Steel v. United States*, 813 F.2d 1545, 1548 (9th Cir. 1987).

Thus, to the extent Plaintiff argues that FUSFSPA provides a federal question authorizing jurisdiction in this case, the Ninth Circuit has explicitly held the FUSFPA does not do so. *Steel*, 813 F.2d at 1548. Moreover, the Complaint does not allege any claim based upon the FUSFSPA; instead, it appears to allege attorney-malpractice type claims arising either in tort or contract. These claims do not implicate a federal question and are, therefore, insufficient to establish federal jurisdiction. *Cf. Horvath v. Liss*, No. C 95-3857 CAL, 1995 WL 705136, at *1 (N.D. Cal. Nov. 15, 1995) (dismissing "form complaint for attorney malpractice [that] d[id] not identify how th[e] court ha[d] jurisdiction over the dispute").

Nor are there sufficient allegations of diversity jurisdiction. In order to establish diversity jurisdiction, plaintiff must allege *both* that the parties are citizens of different states *and* that the controversy exceeds $75,000. 28 U.S.C. § 1332. In the Complaint, Plaintiff alleges he is seeking reimbursement of insurance premiums in the amount of $27,000, far below the $75,000 threshold required by section 1332. In his letter Response, Plaintiff appears to change this request and argues, "[A]bout the threshold of $75,000, the

stipulation was to award every month a total of $2,213.46 effective October 1, 2015. I owe since that time accumulation [sic] of at least $140,000." (ECF No. 4.) However, even if Plaintiff were to amend his Complaint to add allegations that he is now seeking $140,000 or more, he still fails to allege the diversity of citizenship component required by section 1332.

Notably, Plaintiff states in his Response that he brings his attorney malpractice claims in federal court rather than in San Diego Superior Court because conduct by the Superior Court clerk supervisor caused him to "los[e] confidence" in the Superior Court. (ECF No. 4.) Hence, Plaintiff felt it necessary to take his Complaint to a different court. Unfortunately, this does not provide a ground for federal court jurisdiction. As articulated at the outset, federal courts have very limited areas of jurisdiction, and a malpractice case seeking $27,000 when the parties both appear to be citizens of California is not an area subject to that jurisdiction.

Because Plaintiff fails to articulate either federal question or diversity jurisdiction, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 3) without prejudice. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

**DATED: November 17, 2022**

Hon. Cynthia Bashant
United States District Judge